### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MAYKEL AGNER PEDROSO-GONZÁLEZ**,<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>Respondent. | **Civil No.**: 17-1621 (DRD)<br>Related to Criminal Case No. 15-113 (DRD) |

### OPINION AND ORDER

Pending before the Court is Mr. Mykel Agner Pedroso-González's ("Petitioner") *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct* ("*Motion to Vacate*"). *See* Civil Case No. 17-1621, Docket No. 1. Petitioner argues that his sentence and corresponding convictions must be vacated because his legal representation provided ineffective assistance. Specifically, Petitioner asserts that his legal counsel failed to file a notice of appeal with regards to his sentence in spite of his request to counsel. *Id.*[1]

The Government filed its corresponding *Response in Opposition*. *See* Civil Case No. 17-1621, Docket No. 12. In opposition, the Government contends that Petitioner's request lacks merit because he failed to satisfy the necessary test under *Strickland v. Washington*, 466 U.S. 668 (1984). To that end, essentially, the Government argues that: (a) Petitioner's sentence and conviction followed a plea agreement where he expressly waived his right to appeal; (b) during the sentencing hearing, this Court explicitly explained to Petitioner his right to appeal; and (c) Petitioner did not

---

[1] The Court marks that Petitioner did not include evidence to support his contentions nor provided any specific detail to substantiate his factual allegation as to this matter.

provide any evidence -only self-serving allegations- as to his purported request for appeal to his legal representation. *Id*.

Petitioner filed a *Reply* to the Government's *Opposition*. *See* Civil Case No. 17-1621, Docket No. 13. Petitioner alleges that his counsel "apparently assured him that he would appeal, but ultimately abandoned him, leaving Petitioner with the fervent belief that an appeal was in progress". *Id*. at 1-2. Further, Petitioner contests that his attorney "lied to him and led him to believe that he would challenge his conviction and sentence." *Id*.[2]

After carefully reviewing both Parties' contentions, the plea agreement and the transcripts of the change of plea and sentencing hearings, the Court hereby **DENIES** Petitioner's *Motion to Vacate* for the reasons stated below.

## I.   Procedural Background

On February 11, 2015, a Grand Jury entered a multi-count Indictment against Petitioner, and additional Codefendants, for violations to 21 U.S.C. § 952, 18 U.S.C. § 2; 21 U.S.C. § 963; 46 U.S.C. §§ 70503 (a)(1), 70504 (b)(1), and 70506 (a)-(b). *See* Criminal Case No. 15-113, Docket No. 26. On February 10, 2016, Petitioner executed a *Plea and Forfeiture Agreement* ("*Plea Agreement*") with the Government and plead guilty to Count Two of the Indictment which charged him with conspiracy to import controlled substances in violation of 21 U.S.C. § 693. *See* Criminal Case No. 15-113, Docket No. 261. As part of the *Plea Agreement*, the parties stipulated that Petitioner would be accountable for the possession of at least 150 kilograms but no less than 450 kilograms of cocaine, on board of a vessel subject to the jurisdiction of the United States. *Id*. Furthermore, Petitioner acknowledged that his guilty plea for Count Two entailed a penalty of no

---

[2] The Court notes that Petitioner's *Reply* also lacks any evidence to support his allegations; however, he requests an evidentiary hearing since "[P]etitioner's version of events clearly conflicts with the statements provided by the U.S. Attorney". Civil Case No. 17-1621, Docket No. 13 at 3.

2

less than 10 years of imprisonment (120 months) and no less than 5 years of supervised release. The Court held a Change of Plea Hearing and accepted Petitioner's guilty plea. *See* Criminal Case No. 15-113, Docket No. 271 and 414.

After the corresponding Sentencing Hearing, on June 9, 2016, the Court entered a *Judgment* where Petitioner was sentenced to 108 months of imprisonment and 5 years of supervised release after ending his imprisonment. *See* Criminal Case No. 15-113, Docket No. 342. That is, the Court imposed a lower imprisonment sentence than the one Petitioner agreed to through the *Plea Agreement*. Almost a year later, on May 11, 2017, Petitioner filed the instant *Motion to Vacate*.

## II.   Discussion

### A. Legal Standard

In order to succeed on a claim of ineffective assistance of counsel under 28 U.S.C. § 2255, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *See* Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (*citing* Strickland v. Washington, 466, U.S. 668, 674 (1984)); Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994); López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (*citing* Strickland, 466 U.S. at 687). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687–88 (1984). However, it has been recognized that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

3

Its worthy to note that *Strickland* also applies to representations outside of the trial setting, which would include plea bargains, sentence and appeal. *See* Missouri v. Frye, 132 S. Ct. 1399, 1408-10, 182 L. Ed. 2d 379 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); Hill v. Lockhart, 474 U.S. 52, 57 (1985); Bonneau v. United States, 961 F.2d 17, 20-22 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d 458, 468-69 (1st Cir. 1991)(abrogated on other grounds by Roe v. Flores-Ortega, 528 U.S. 470 (2000)); cf. Panzardi-Álvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989); López-Torres v. United States, 876 F.2d 4, 5 (1st Cir. 1989) (abrogated on other grounds by Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992)).

The controversy underlying Petitioner's *Motion to Vacate* -failure to file an appeal- has been evaluated in various occasions by the Supreme Court. To that end, twenty years ago, the Supreme Court held that the *Strickland* test applied to claims of ineffectiveness assistance of counsel where a legal representative failed to file a notice of appeal. *See* Roe v. Flores-Ortega, 528 U.S. 470 (2000). When applying the first prong of the *Strickland* test to this type of claim, the Supreme Court distinguished two scenarios. The first scenario comes into play when a defendant clearly requests his legal representative to file a notice of appeal and counsel fails to do so. As to this situation, the Supreme Court stressed that it had "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable". Roe v. Flores-Ortega, *supra*, 477. The second scenario is present when a Defendant has not clearly conveyed his wishes to file an appeal nor asks that an appeal not be taken. When confronting said situations, the Supreme Court held that

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480.³ Furthermore, the Supreme Court stated that, when making this determination "courts must take into account all the information counsel knew or should have known." *Id*. To that end, the Supreme Court provided some factors to consider when evaluating the circumstances:

> [a]lthough not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id*. As to *Strickland*'s second prong, in cases where a legal representative fails to file an appeal, the *Flores* Court established that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484 ("counsel's deficient performance must actually cause the forfeiture of the defendant's appeal. If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief."). If a Defendant satisfies this threshold, prejudice should be presumed "with no further showing from the defendant of the merits of his underlying claims". *Id.* On the other hand, the Court further notes that recently, in *Garza v. Idaho*, the Supreme Court determined that said "presumption of prejudice" applied in cases where a defendant has pleaded guilty and executed an "appeal waiver".⁴

---

³ The Supreme Court clarified that "consult" means "to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985 (2000).

⁴ As to presentence waivers of appellate rights, the First Circuit explains that:

> "[P]resentence waivers of appellate rights are enforceable if they meet certain criteria. United States v. Teeter, 257 F.3d 14, 23 (1st Cir. 2001). First, we require that the defendant enter into the waiver "knowingly and voluntarily." *Id*. at 24–25; accord United States v. Torres–Oliveras, 583 F.3d 37,

*See* Garza v. Idaho, 139 S. Ct. 738, 742, 203 L. Ed. 2d 77 (2019); *see*, *also*, Rojas-Medina v. United States, 924 F.3d 9, 16 (1st Cir. 2019).

### III.     Application and Conclusion

#### A. Request for Evidentiary Hearing

As an initial matter, the Court acknowledges that Petitioner requested an evidentiary hearing in his motion practice. *See* Civil Case No. 17-1621, Dockets No. 1 and 13. However, "[w]hen a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir.).

The First Circuit has determined that "[e]evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003). To that end, the Circuit Court established that evidentiary hearings are not necessary when a request pursuant to § 2255 is (a) inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case. *Id*.; *see*, *also*, United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir.1978). The Court has further explained that said hearings are not warranted when petitioner's "allegations, even if true, do not entitle him to relief

---

        40 (1st Cir.2009). In examining whether the defendant knowingly and voluntarily waived his appellate rights, the text of the written plea agreement and the change-of-plea colloquy are of critical importance. Teeter, 257 F.3d at 24. We evaluate whether the written plea agreement "contains a clear statement elucidating the waiver and delineating its scope," and whether the district court "inquire[d] specifically at the change-of-plea hearing into any waiver of appellate rights," as required by Rule 11(b)(1)(N). *Id.* Second, even if the waiver is knowing and voluntary, we retain discretion not to enforce the waiver if it would result in a "miscarriage of justice." *Id.* at 25; accord United States v. Torres–Oliveras, 583 F.3d 37, 42 (1st Cir. 2009)."

Sotirion v. United States, 617 F.3d 27, 33 (1st Cir. 2010). The First Circuit has concluded that "plea-agreement waivers of the right to appeal from imposed sentences are presumptively valid (if knowing and voluntary), but are subject to a general exception under which the court of appeals retains inherent power to relieve the defendant of the waiver, albeit on the terms that are just to the government, where a miscarriage of justice occurs." *Id.* It further stressed that such exception "will be applied sparingly and without undue generosity." *Id.* at 26.

or when [his] allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." DeCologero v. United States, 802 F.3d 155, 167 (1st Cir. 2015).

Petitioner's *Motion to Vacate* lacks any evidence or any detail whatsoever as to any conversation held between Petitioner and his counsel pertaining to the possible filing of the notice of appeal. Instead, Petitioner's request -and corresponding *Reply*- rely on generic allegations as to the failure to file the notice of appeal. Said lack of evidence or details suggest that Petitioner's allegations were reproduced in his motion practice with the sole purpose of attempting to squarely satisfying the legal standards dictated by *Strickland* and *Flores-Ortega*. Consequently, the Court finds that these bare-bone allegations are insufficient to satisfy the exceptional circumstances required to award and evidentiary hearing. Furthermore, as stated below, the Court finds that even if Petitioner's allegations are true, his *Motion to Vacate* lacks merit.

### B. Strickland Test

#### i. Petitioner's Counsel Purported Unreasonable Performance

As previously referenced, under the first prong of the *Strickland* test, the Supreme Court in *Flores* distinguished between two scenarios. First, it referenced instances where a defendant clearly requests his legal representative to file an appeal and, second, it examined the situations where defendant's wish to file a notice of appeal was not clearly conveyed to his counsel. The Court finds that none of the two scenarios are present in the instant case.

As noted earlier, Petitioner claims that he received ineffective assistance of counsel at the post-sentencing stage, essentially, because his legal representative: (a) never explained to him how he could appeal; and (b) failed to appeal his "unreasonable" sentence, contrary to Petitioner's request. The *Flores* Court indicated that "[t]o prove deficient performance, a defendant can rely

on evidence that he sufficiently demonstrated to counsel his interest in an appeal." Roe v. Flores-Ortega, *supra*, 486. However, Petitioner did not provide any evidence to prove that he sufficiently demonstrated to his counsel his purported interest on appeal. On the contrary, as previously stated, the Court finds that Petitioner's allegations are generic and totally lack any evidence or detail as to whether the request to appeal ever took place.[5] The mere allegations cannot support Petitioner's contention that he actually instructed his counsel to file the notice of appeal. Consequently, the Court moves to consider whether we are in the context of the second scenario.

As previously referenced, when the Court determines that a defendant's wish to file an appeal was not clearly conveyed to his counsel it must evaluate whether the legal representative complied with his duty to "consult", pursuant to the Supreme Court's decision in *Flores-Ortega*. Further, the First Circuit recently explained that "the duty to consult is triggered either when 'a rational defendant would want to appeal' or when a 'particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" Rojas-Medina v. United States, 924 F.3d 9, 16 (1st Cir. 2019) (internal citations omitted). Because Petitioner's request is insufficient to demonstrate a "reasonable" demonstration of his interested in filing a notice of appeal, the Court must examine whether "a rational defendant would want to appeal". However, the Court finds that the record does not support a situation where a "rational defendant would want to appeal" in the instant case.

---

[5] The Court notes that in *Garza*, the Supreme Court examined a § 2255 petitioner in a context considerably similar to the instant case -failure to file a notice of appeal when a waiver of appeal had been dully executed-, the § 2255 petition was substantiated by an affidavit and a record of communications between the defendant and his counsel pertaining to the filing of the notice of appeal. *See* Garza v. Idaho, 139 S. Ct. 738, 743, 203 L. Ed. 2d 77 (2019). Certainly, this factual scenario is starkly different from the instant case where Petitioner -as highlighted above- did not only fail to include any evidence to support his allegations, but also failed to provide a single detail pertaining to the purported request to appeal.

First, as previously stated, on February 10, 2016, the Government and Petitioner executed the *Plea Agreement*. *See* Criminal Case No. 15-113, Docket No. 261.[6] Through said *Agreement* petitioner plead guilty to Count Two of the Indictment which corresponded to charged violations to 21 U.S.C. § 952. To that end, Petitioner agreed to stipulate "that the penalty for the above-mentioned count is as follows: a term of imprisonment which may not be less than ten (10) years and not more than life; and a term of supervised release of at least five (5) years. The Court may also impose a fine not to exceed the greater of that authorized in accordance with the provision of Title 18, United States Code, or $10,000,000.00". *Id*. at 2.[7]

Furthermore, the *Plea Agreement* contained a waiver of appeal clause which states that "Defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that Defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provision of this Plea Agreement". *Id*. at 5. Moreover, when Petitioner subscribed the *Plea Agreement* -authenticating his initials on every page, as well as his signature at the end of the *Agreement*- he made the following closing representation:

> Further I have consulted with my attorney and fully understand my decision to enter a guilty plea in the instant case […] I have read this Plea Agreement and carefully reviewed every party of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of

---

[6] During the Change of Plea Hearing, the Court inquired about Petitioner's Counsel's efforts to discuss his plea and *Plea Agreement*. Petitioner informed the Court that he and his Counsel met on multiples occasions -15 to 20- to discuss the case, his plea and the *Plea Agreement*. *See* Criminal Case No. 15-113, Docket No. 414 at 24. Furthermore, Petitioner's Counsel also informed the Court that he and Petitioner had met on multiple occasions as to these matters. *Id*. at 33.

[7] The Government and Petitioner further stipulated they would submit an advisory Sentencing Guideline calculation of and adjusted offense level of 33 to the Court. *See* Criminal Case No. 15-113, Docket No. 261. However, during the Change of Plea Hearing the Court discussed Petitioner's opportunity to lower said calculation by making the safety valve. To that end, the Court clarified with Petitioner's Counsel that "if he makes the safety valve he goes down from 33 to 31, and he then faces 108 to 135 months, which potentially is an authorized sentence below the statutory minimum of 120". Criminal Case No. 15-113, Docket No. 414 at 35.

the agreement. I fully understand this agreement and I voluntarily agree to it. *Id.* at 9.[8]

On the other hand, during the Change of Plea Hearing the referenced matters were also discussed with Petitioner. To that end, the Court made sure that Petitioner understood the charges that he was facing and the sentence he was potentially exposed to, without and with a plea agreement and making a safety valve. *See* Criminal Case No. 15-113, Docket No. 414 at 59.[9] Furthermore, as to Petitioner's rights on appeal the Court explained the following:

> So let me repeat that. You can appeal any sentence **except if the Court sentences you to what you agreed**. And you agreed to two scenarios. One, if I don't make the safety valve, which then the Court may sentence you to the lower end. And if the Court sentences you to the lower end, you cannot appeal. Then assume that you made the safety valve. **You have agreed that the Court will sentence you to the lower end. If the Court sentences you to the lower end, you cannot appeal also**.

*See* Criminal Case No. 15-113, Docket No. 261 at 55-56 (emphasis provided).[10] Petitioner informed the Court that he understood said explanation as to his limited right to appeal. *Id*.

Afterwards, during the *Sentencing Hearing* the Court provided the following explanation to Petitioner as to his sentence and limited appellate process

> Sir, you can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or if there's other fundamental defect in the proceedings that was not waived by your guilty plea.
>
> You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to the law.
>
> With few exceptions, any notice of appeal must be filed within 14 days of judgment being entered in your case. However, a defendant, as you, may waive your rights as part of a plea agreement. And you, sir, have entered into a plea agreement which waives some or all of your rights to appeal the sentence itself. Such waivers are generally enforceable.

---

[8] Also, at the Change of Plea Hearing held on February 10, 2016 the Court inquired whether Petitioner was "[s]atisfied with his [counsel's] services and advice". Criminal Case No. 15-113, Docket No. 414 at 12. Petitioner responded with a categorical "yes". *Id.*
[9] The Court also highlighted that the "[s]entence imposed may be different from any estimate that you may have received from your lawyer". Criminal Case No. 15-113, Docket No. 414 at 61.
[10] The Court provided said explanation to Petitioner, and other Codefendants, on 3 occasions during the Change of Plea Hearing. *See* Criminal Case No. 15-113, Docket No. 261 at 55, 56 and 62.

10

> Sir, you agreed that you could be sentenced to over 135 months. The Court today, because you made the safety valve, has decreased your sentence enormously because you made the safety valve.
>
> Now, the Court has precisely sentenced you to the lowest sentence possible within the guidelines. So I don't think this sentence is illegal. I don't think that your sentence was a sentence where you entered into it other than by an intelligent, voluntary, and knowing agreement. But anyway, if you have any doubts speak to your lawyer and ask him what his opinion is.
>
> All right. But if you believe the waiver is unenforceable, you can present that theory to the appellate court. If you are unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you so request, the clerk of the court will prepare and file a notice of appeal on your behalf

Criminal Case No. 15-113, Docket No. 415 at 16-17.

Pursuant to the above, it is clear that -after being dully oriented by his legal representative- Petitioner willingly executed the *Plea Agreement*. Through said *Plea Agreement* Petitioner accepted the potential exposure for the charge he plead guilty to and the waiver of -at least- some of his rights on appeal.[11] Further, before accepting Petitioner's guilty plea, the Court held a Change of Plea Hearing where it validated his willingness to execute the *Plea Agreement* and alerted him of the potential changes his sentence might ultimately undergo. Finally, it's important to highlight that during the Sentencing Hearing this Court informed Petitioner as to his right to appeal -which included an alert as to the 14-day period to file the notice of appeal- and entered a *Judgment* which included a sentence that was more favorable to Petitioner than the potential sentence he willingly accepted through the *Plea Agreement* was entered.[12]

---

[11] The Court acknowledges that "no appeal waiver serves as an absolute bar to all appellate claims." Garza v. Idaho, *supra*, at 744.

[12] The Court further notes that although Petitioner was informed that his notice of appeal had to be filed during a 14-day period, his § 2255 petition was filed a year after the entry of judgment. Since Petitioner's *Motion to Vacate* does not even address the reasons for this considerable delay, and it is a fact supported by the record that Petitioner knew his appeal had to be filed within 14 days of the entry of judgment, the Court finds that his late filing further supports the conclusion that his allegations are generic and ultimately incredible.

Taking these facts into account, the Court finds that a "rational defendant" would not want to appeal the referenced sentence. Consequently, under both scenarios examined by *Flores-Ortega*, the Court finds that Petitioner's legal representation did not fall "below an objective standard of reasonableness". Hence, as previously advanced, the Court finds that even if Petitioner's allegations are true, his petition is without merit. Consequently, its unnecessary to examine the second *Strickland* prong.

Pursuant to the above, Petitioner's *Motion to Vacate* is hereby **DENIED**. A Judgment is to be entered accordingly.

It is further ordered that no certificate of appealability be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on July 6, 2020.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge